ANNETTE D. KIRKHAM (STATE BAR NO. 217958)
annettek@lawfoundation.org
FAIR HOUSING LAW PROJECT
111 West Saint John Street,
San Jose, CA 95113
Telephone:  (408) 280-2410
Facsimile:   (408) 293-0106

Attorneys for Plaintiff
HOWARD MULLINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HOWARD MULLINS,

　　　　Plaintiff,

v.

METROCITIES MORTGAGE dba NO RED TAPE MORTGAGE, a California Corporation, EVERHOME MORTGAGE COMPANY, a Florida Corporation and EMC MORTGAGE CORPORATION, a Texas Corporation,

　　　　Defendants.

Case No. C07 06021 PVT

COMPLAINT FOR RESCISSION UNDER THE FEDERAL TRUTH IN LENDING ACT (15 U.S.C. § 1601, ET SEQ.)

COMPLAINT
MULLINS v. METROCITIES MORTGAGE, ET AL, CASE NO.

## PRELIMINARY STATEMENT

This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter the "Act") to enforce the Plaintiff's (hereinafter "Mr. Mullins") right to rescind a consumer credit transaction, to void the Defendants' security interest in Mr. Mullin's home, and to recover statutory damages, reasonable attorneys fees and costs by reason of Defendants' violations of the Act and Regulation Z, 12 C.F.R. § 226 (hereinafter "Regulation Z").

## THE PARTIES

1. Mr. Mullins is an individual that currently resides in Santa Clara, County of Santa Clara, California.

2. Defendant Metrocities Mortgage dba No Red Tape (hereinafter "Metrocities") is a corporation organized and existing under the laws of the State of California. On information and belief, Metrocities principal place of business is 15301 Ventura Boulevard, Suite D320, Sherman Oaks, California. On information and belief, Defendant Metrocities was engaged in the business as a creditor who regularly engaged in the making of mortgage loans, payable by agreement in installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

3. Defendant Everhome Mortgage Company (hereinafter "Everhome") is a corporation organized and existing under the laws of the State of Florida. Upon information and belief, Everhome regularly conducts business in the State of California and the County of Santa Clara. Mr. Mullins is informed and believes that Everhome's business activity includes mortgage lending, mortgage servicing or otherwise extending credit to persons in residential real estate matters.

4. Upon information and belief, Defendant Everhome is the assignee and servicer of Mr. Mullins residential mortgage loan. Defendant Everhome is subject to

1  a consumer's rescission right to the same extent as the original creditor under 16 U.S.C. §
2  1641(c).

3       5.    Defendant EMC Mortgage Corporation (hereinafter "EMC") is a
4  corporation organized and existing under the laws of the State of Texas. Upon
5  information and belief, EMC regularly conducts business in the State of California and the
6  County of Santa Clara. Mr. Mullins is informed and believes that EMC's business
7  activity includes mortgage lending, mortgage servicing or otherwise extending credit to
8  persons in residential real estate matters.

9       6.    Upon information and belief, Defendant EMC is the assignee and
10 servicer of Mr. Mullins residential mortgage loan. Defendant EMC is subject to a
11 consumer's rescission right to the same extent as the original creditor under 16 U.S.C. §
12 1641(c).

13      7.    At all times relevant hereto, the Defendants, in the ordinary course
14 of business, regularly extended or offered to extend consumer credit for which a finance
15 charge is or may be imposed or which, by written agreement, is payable in more than four
16 installments.

17 **JURISDICTION**

18      8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §
19 1331, 1337 because Plaintiff has alleged causes of action for violations of the Federal
20 Truth in Lending Act, pursuant to 15 U.S.C. § 1640(e). The Court has authority to issue a
21 declaratory judgment by virtue of 28 U.S.C. § 2201.

22 **VENUE**

23      9.    Venue is proper in the San Jose Division of the Northern District of
24 California pursuant to 28 U.S.C. § 1391(b) and (c) because each of the wrongful acts
25 alleged herein were committed in Santa Clara County, within this judicial district.

26 **STATEMENT OF FACTS**

27      10.    Mr. Mullins is a seventy-five year-old man and resides in a single
28 family residence at 669 Cupples Court, in Santa Clara California. Mr. Mullins purchased

- 2 -

COMPLAINT FOR DAMAGES
MULLINS V. METROCITIES MORTGAGE, ET AL, CASE NO.

his home in 1964 and has resided in his home for the past 43 years.

11.    On or about December 4, 2004, Mr. Mullins entered into a consumer credit transaction (hereinafter "the transaction") with Defendant Metrocities in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendant Metrocities.

12.    As part of this consumer credit transaction, Metrocities retained a security interest in Mr. Mullins home.

13.    On January 27, 2005, Mr. Mullins received a letter from No Red Tape Mortgage, a dba of Metrocities, indicating that there was a clerical error on the TIL disclosure he received in December 2004 and that the "error" had been corrected for him.

14.    Mr. Mullins was advised that no action was required on his part and that the corrected disclosure was for his "reference."

15.    There are numerous discrepancies between the initial TIL disclosure Mr. Mullins received prior to the loan closing and the second TIL disclosure mailed to Mr. Mullins approximately one month after his loan closed.

16.    The second TIL disclosure was never signed by Mr. Mullins. A list of the discrepancies found in the two TIL disclosures is found below:

    a.    The annual percentage rate in the initial TIL disclosure is 1.046%, while in the second it is 4.650%;

    b.    The finance charge in the initial TIL disclosure is $73,736.96 while in the second disclosure it is $418,042.29; and

    c.    The total amount of payments in the initial TIL disclosure is 360 payments at the amount of $1447.38. The amount of payments in the second TIL disclosure increase yearly.

15.    Mr. Mullins should have received a total two (2) correctly filled out copies of the Notice of Right to Cancel.

16.    Mr. Mullins received only one defective copy of his Right to Cancel the transaction. This Notice of Right to Cancel was unsigned by Mr. Mullins, and the date

- 3 -

COMPLAINT FOR DAMAGES
MULLINS V. METROCITIES MORTGAGE, ET AL., CASE NO.

of the transaction and the expiration of the right to cancel section were left blank.

17. Mr. Mullins was not given new right to cancel notices after receiving the revised TIL disclosure.

18. On September 27, 2007, Mr. Mullins notified defendants Metrocities and Everhome that he was exercising his right to rescind his mortgage loan on the basis that defendants failed to provide him with proper notices of his right to cancel the loan and that he did not receive proper disclosures under the Truth in Lending Act. Attached hereto as Exhibit A, is a true and correct copy of Mr. Mullins September 27, 2007, Notice of Rescission.

19. On October 19, 2007, defendant Everhome rejected Mr. Mullins' Notice of Rescission. Attached hereto as Exhibit B, is a true and correct copy of defendant Everhome's letter rejecting Mr. Mullins' right to rescind.

20. On October 12, 2007, Mr. Mullins was notified that defendant Everhome had assigned his mortgage loan to defendant EMC.

21. On November 13, 2007, Mr. Mullins notified defendant EMC that he was exercising his right to rescind his mortgage loan on the basis that defendants failed to provide him with proper notices of his right to cancel the loan and that he did not receive proper disclosures under the Truth in Lending Act. Attached hereto as Exhibit C, is a true and correct copy of Mr. Mullins November 13, 2007, Notice of Rescission.

**FIRST CAUSE OF ACTION**
**(Violations of the Federal Truth In Lending Act, 15 U.S.C. § 1635– against all Defendants)**

23. Mr. Mullins realleges and incorporates by reference the allegations of paragraphs 1 through 21 as though fully set forth herein.

24. This consumer credit transaction was subject to Mr. Mullins' right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

25. Defendants acted as creditors who regularly engaged in the making

- 4 -

COMPLAINT FOR DAMAGES
MULLINS V. METROCITIES MORTGAGE, ET AL. CASE NO.

of mortgage loans, payable by agreement in installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

26. Accordingly, Defendants are subject to the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*, and its implementing regulations, Federal Reserve Board Regulation Z, 12 C.F.R. § 226.

27. As a result of the subject transaction, Defendants acquired an interest in Mr. Mullins' home that secures the payment or performance of an obligation.

28. In the course of this consumer credit transaction, Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to Mr. Mullins two copies of a notice of the right to rescind which:

   a. Clearly and conspicuously disclosed the date of the transaction; and

   b. Clearly and conspicuously disclosed the date the rescission period expired.

29. The Defendants failed to disclose *any* of the information required by the TILA and Regulation Z through furnishing two TIL disclosures with contradictory terms, neither of which reflected the true nature of the deal. Specifically, Defendants have violated at least the following statutory disclosure requirements:

   a. By failing to disclose properly and accurately the amount financed, in violation of 15 U.S.C. § 1638(a)(2)(A) and 12 C.F.R. § 226.18(b);

   b. By failing to disclose properly and accurately the "annual percentage rate" in violation of 15 U.S.C. § 1638(a)(4) and 12 C.F.R. § 226.18(e);

   c. By failing to disclose properly and accurately the finance charge fees payable to third parties that were not bona fide or reasonable in amount, as required by 15 U.S.C. § 1638(a)(3) and 12 C.F.R. § 226.18(d) & § 226.4;

   d. By failing to disclose properly and accurately the "total of payments" in violation of 15 U.S.C. § 1638(a)(5) and 12 C.F.R. § 226.18(b);

- 5 -

COMPLAINT FOR DAMAGES
MULLINS V. METROCITIES MORTGAGE, ET AL. CASE NO.

  e. By failing to disclosure properly and accurately the number, amount, and due dates or period of payments scheduled to repay the obligation in violation of 15 U.S.C. § 1638(a)(6) and 12 C.F.R. § 226.18(g); and

  f. By failing to disclose any dollar change or percentage amount which may be imposed by a creditor solely on account of a late payment, other than a deferral or extension charge in violation of 15 U.S.C. § 1638(a)(10).

30. Mr. Mullins has a continuing right to rescind the transaction until the third business day after receiving both the notice of the right to cancel and all "material" disclosures pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3), up to three years after consummation of the transaction.

31. On September 27, 2007, Mr. Mullins rescinded the transaction by sending Defendants Metrocities and Everhome a Notice of Rescission, by certified mail return receipt.

32. On information and belief, Defendants Metrocities and Everhome received copies of Mr. Mullins notice of rescission on or about October 1, 2007.

33. On October 19, 2007, Defendant Everhome rejected Mr. Mullins Notice of Rescission.

33. More than 20 calendar days have passed since Defendants received copies of Mr. Mullins Notice of Rescission.

34. The Defendants have failed to take any action necessary or appropriate to reflect termination of any security interest created under the transaction.

35. The Defendants have failed to return to Mr. Mullins any money or property given by Mr. Mullins to anyone, including defendants, as required by 15 U.S.C. § 1635(b) and regulation Z § 226.23(d)(2).

36. As a result of these violations, Defendants are liable to Mr. Mullins for:

  a. Rescission of the transaction;

  b. Termination of the security interest in Mr. Mullins house;

- 6 -

COMPLAINT FOR DAMAGES
MULLINS V. METROCITIES MORTGAGE, ET AL, CASE NO.

   c. Return or any money or property given by Mr. Mullins, to anyone, including Defendants, in connection with this transaction;

   d. Statutory damages of $2000 for Defendants' failure to respond properly to Mr. Mullins rescission notice;

   e. Forfeiture of return of the loan proceeds; and

   f. Reasonable attorney's fees and costs.

**PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff requests that the Court:

1. Declare the security interest in Mr. Mullins home void;

2. Rescind the Deed of Trust and any and all mortgage documents dated December 4, 2004 and any and all agreements or contracts that made up the fraudulent transaction at issue;

3. Order the Defendants to take all action necessary to terminate any security interest in Mr. Mullins property created under the transaction and that the Court declare all such security interest void;

4. For restitution of all money and things received by the Defendants from Plaintiff;

5. Enjoin Defendants during the pendency of this action, and permanently thereafter, form instituting, prosecuting or maintaining foreclosure proceedings on Mr. Mullins property, from recording any deeds or mortgages regarding the property or taking any steps to deprive Mr. Mullins of the ownership of that property;

6. Award Mr. Mullins statutory damages for Defendants failure to respond properly to Mr. Mullins notice of rescission, in an amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2000 as provided for under 15 U.S.C. 1640(a);

7. Order that because Defendants failed to respond to Mr. Mullins notice of rescission, that Mr. Mullins has no duty to tender, or in the

alternative, if tender if required, determine the amount of tender obligations in light of all of Mr. Mullins claims, and order Defendants to accept tender in reasonable terms and over a reasonable period of time;

8. Award actual damages in an amount to be determined at trial;

9. For costs and reasonable attorneys' fees;

10. For such other relief as the Court deems proper.

Respectfully submitted,

Dated: November 28, 2007

FAIR HOUSING LAW PROJECT

Annette D. Kirkham
Attorneys for Plaintiff
HOWARD MULLINS