ANNETTE D. KIRKHAM (STATE BAR NO. 217958)
annettek@lawfoundation.org
FAIR HOUSING LAW PROJECT
111 West Saint John Street, #315
San Jose, CA 95113
Telephone:    (408) 280-2410
Facsimile:    (408) 293-0106

Attorneys for Plaintiff
HOWARD MULLINS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| HOWARD MULLINS, | Case No.  C07-06021 JF |
| Plaintiff. | **FIRST AMENDED COMPLAINT FOR RESCISSION UNDER THE FEDERAL TRUTH IN LENDING ACT (15 U.S.C. § 1601, ET SEQ.)** |
| v. | |
| METROCITIES MORTGAGE dba NO RED TAPE MORTGAGE, a California Corporation and EMC MORTGAGE CORPORATION. a Texas Corporation, | |
| Defendants. | |

## PRELIMINARY STATEMENT

This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter the "Act") to enforce the Plaintiff's (hereinafter "Mr. Mullins") right to rescind a consumer credit transaction, to void the Defendants' security interest in Mr. Mullin's home, and to recover statutory damages, reasonable attorneys fees and costs by reason of Defendants' violations of the Act and Regulation Z, 12 C.F.R. § 226 (hereinafter "Regulation Z").

## THE PARTIES

1.      Mr. Mullins is an individual that currently resides in Santa Clara, County of Santa Clara, California.

2.      Defendant Metrocities Mortgage dba No Red Tape (hereinafter "Metrocities") is a corporation organized and existing under the laws of the State of California.  On information and belief, Metrocities principal place of business is 15301 Ventura Boulevard, Suite D320, Sherman Oaks, California.  On information and belief, Defendant Metrocities was engaged in the business as a creditor who regularly engaged in the making of mortgage loans, payable by agreement in installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

3.      Defendant EMC Mortgage Corporation (hereinafter "EMC") is a corporation organized and existing under the laws of the State of Texas.  Upon information and belief, EMC regularly conducts business in the State of California and the County of Santa Clara.  Mr. Mullins is informed and believes that EMC's business activity includes mortgage lending, mortgage servicing or otherwise extending credit to persons in residential real estate matters.

4.      Upon information and belief, Defendant EMC is the assignee and servicer of Mr. Mullins residential mortgage loan.  Defendant EMC is subject to a

- 1 -

COMPLAINT
MULLINS V. METROCITIES MORTGAGE, ET AL., CASE NO

1  consumer's rescission right to the same extent as the original creditor under 16 U.S.C. §
2  1641(c).

3       5.    At all times relevant hereto, the Defendants, in the ordinary course
4  of business, regularly extended or offered to extend consumer credit for which a finance
5  charge is or may be imposed or which, by written agreement, is payable in more than four
6  installments.

7            **JURISDICTION**

8       6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §
9  1331, 1337 because Plaintiff has alleged causes of action for violations of the Federal
10  Truth in Lending Act, pursuant to 15 U.S.C. § 1640(e).  The Court has authority to issue a
11  declaratory judgment by virtue of 28 U.S.C. § 2201.

12            **VENUE**

13       7.    Venue is proper in the San Jose Division of the Northern District of
14  California pursuant to 28 U.S.C. § 1391(b) and (c) because each of the wrongful acts
15  alleged herein were committed in Santa Clara County, within this judicial district.

16            **STATEMENT OF FACTS**

17       8.    Mr. Mullins is a seventy-five year-old man and resides in a single
18  family residence at 669 Cupples Court, in Santa Clara California.  Mr. Mullins purchased
19  his home in 1964 and has resided in his home for the past 43 years.

20       9.    On or about December 4, 2004, Mr. Mullins entered into a
21  consumer credit transaction (hereinafter "the transaction") with Defendant Metrocities in
22  which the extended consumer credit was subject to a finance charge and which was
23  initially payable to Defendant Metrocities.

24       10.    As part of this consumer credit transaction, Metrocities retained a
25  security interest in Mr. Mullins home.

26       11.    On January 27, 2005, Mr. Mullins received a letter from No Red
27  Tape Mortgage, a dba of Metrocities, indicating that there was a clerical error on the TIL
28  disclosure he received in December 2004 and that the "error" had been corrected for him.

1    12.    Mr. Mullins was advised that no action was required on his part and

2    that the corrected disclosure was for his "reference."

3    13.    There are numerous discrepancies between the initial TIL disclosure

4    Mr. Mullins received prior to the loan closing and the second TIL disclosure mailed to

5    Mr. Mullins approximately one month after his loan closed.

6    14.    The second TIL disclosure was never signed by Mr. Mullins. A list

7    of the discrepancies found in the two TIL disclosures is found below:

8    a.    The annual percentage rate in the initial TIL disclosure is 1.046%,

9    while in the second it is 4.650%;

10    b.    The finance charge in the initial TIL disclosure is $73,736.96 while

11    in the second disclosure it is $418,042.29; and

12    c.    The total amount of payments in the initial TIL disclosure is 360

13    payments at the amount of $1447.38. The amount of payments in the

14    second TIL disclosure increase yearly.

15    15.    Mr. Mullins should have received a total two (2) correctly filled out

16    copies of the Notice of Right to Cancel.

17    16.    Mr. Mullins received only one defective copy of his Right to Cancel

18    the transaction. This Notice of Right to Cancel was unsigned by Mr. Mullins, and the date

19    of the transaction and the expiration of the right to cancel section were left blank.

20    17.    Mr. Mullins was not given new right to cancel notices after receiving

21    the revised TIL disclosure.

22    18.    On September 27, 2007, Mr. Mullins notified defendant Metrocities

23    and the subservicer, Everhome Mortgage Company that he was exercising his right to

24    rescind his mortgage loan on the basis that defendants failed to provide him with proper

25    notices of his right to cancel the loan and that he did not receive proper disclosures under

26    the Truth in Lending Act. Attached hereto as Exhibit A, is a true and correct copy of Mr.

27    Mullins September 27, 2007, Notice of Rescission.

28    19.    On October 19, 2007, Everhome Mortgage Company rejected Mr.

1    Mullins' Notice of Rescission. Attached hereto as Exhibit B, is a true and correct copy of

2    Everhome's letter rejecting Mr. Mullins' right to rescind.

3         20.    On October 12, 2007, Mr. Mullins was notified that Everhome had

4    reassigned his mortgage loan to defendant EMC.

5         21.    On November 13, 2007, Mr. Mullins notified defendant EMC that he

6    was exercising his right to rescind his mortgage loan on the basis that defendants failed to

7    provide him with proper notices of his right to cancel the loan and that he did not receive

8    proper disclosures under the Truth in Lending Act. Attached hereto as Exhibit C, is a true

9    and correct copy of Mr. Mullins November 13, 2007, Notice of Rescission.

10                           **FIRST CAUSE OF ACTION**
                 **(Violations of the Federal Truth In Lending Act, 15 U.S.C. § 1635– against**
11                                    **all Defendants)**

12

13        23.    Mr. Mullins realleges and incorporates by reference the allegations of

14   paragraphs 1 through 21 as though fully set forth herein.

15        24.    This consumer credit transaction was subject to Mr. Mullins' right of

16   rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. §

17   226.23).

18        25.    Defendants acted as creditors who regularly engaged in the making

19   of mortgage loans, payable by agreement in installments or for which the payment of a

20   finance charge is or may be required, whether in connection with loans, sales of property

21   or services, or otherwise.

22        26.    Accordingly, Defendants are subject to the Truth in Lending Act

23   ("TILA") 15 U.S.C. § 1601 *et seq.*, and its implementing regulations, Federal Reserve

     Board Regulation Z, 12 C.F.R. § 226.
24
          27.    As a result of the subject transaction, Defendants acquired an interest
25
     in Mr. Mullins' home that secures the payment or performance of an obligation.
26
          28.    In the course of this consumer credit transaction, Defendants violated
27
     15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to Mr. Mullins two
28

1  copies of a notice of the right to rescind which:

2          a.   Clearly and conspicuously disclosed the date of the

3  transaction; and

4          b.   Clearly and conspicuously disclosed the date the rescission

5  period expired.

6       29.   The Defendants failed to disclose *any* of the information required by

7  the TILA and Regulation Z through furnishing two TIL disclosures with contradictory

8  terms, neither of which reflected the true nature of the deal. Specifically, Defendants have

9  violated at least the following statutory disclosure requirements:

10          a.   By failing to disclose properly and accurately the amount

11  financed, in violation of 15 U.S.C. § 1638(a)(2)(A) and 12 C.F.R. § 226.18(b);

12          b.   By failing to disclose properly and accurately the "annual

13  percentage rate" in violation of 15 U.S.C. § 1638(a)(4) and 12 C.F.R. § 226.18(e);

14          c.   By failing to disclose properly and accurately the finance

15  charge fees payable to third parties that were not bona fide or reasonable in amount, as

16  required by 15 U.S.C. § 1638(a)(3) and 12 C.F.R. § 226.18(d) & § 226.4;

17          d.   By failing to disclose properly and accurately the "total of

18  payments" in violation of 15 U.S.C. § 1638(a)(5) and 12 C.F.R. § 226.18(b);

19          e.   By failing to disclosure properly and accurately the number,

20  amount, and due dates or period of payments scheduled to repay the obligation in

21  violation of 15 U.S.C. § 1638(a)(6) and 12 C.F.R. § 226.18(g); and

22          f.   By failing to disclose any dollar change or percentage amount

23  which may be imposed by a creditor solely on account of a late payment, other than a

24  deferral or extension charge in violation of 15 U.S.C. § 1638(a)(10).

25       30.   Mr. Mullins has a continuing right to rescind the transaction until the

26  third business day after receiving both the notice of the right to cancel and all "material"

27  disclosures pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3), up to three

28  years after consummation of the transaction.

COMPLAINT FOR DAMAGES
MULLINS V. METROCITIES MORTGAGE, ET AL, CASE NO. C07-06021 JF

1      31.    On September 27, 2007, Mr. Mullins rescinded the transaction by

2    sending Defendant Metrocities a Notice of Rescission, by certified mail return receipt.

3      32.    On information and belief. Defendant Metrocities received a copy of

4    Mr. Mullins notice of rescission on or about October 1, 2007.

5      33.    On October 19, 2007, Everhome rejected Mr. Mullins Notice of

6    Rescission.

7      34.    Defendants Metrocities and EMC did not respond to Mr. Mullins'

8    Notice of Rescission.

9      35.    More than 20 calendar days have passed since Defendants received

10   copies of Mr. Mullins Notice of Rescission.

11     36.    The Defendants have failed to take any action necessary or

12   appropriate to reflect termination of any security interest created under the transaction.

13     37.    The Defendants have failed to return to Mr. Mullins any money or

14   property given by Mr. Mullins to anyone, including defendants, as required by 15 U.S.C.

15   § 1635(b) and regulation Z § 226.23(d)(2),

16     38.    As a result of these violations. Defendants are liable to Mr. Mullins

17   for:

18              a.    Rescission of the transaction;

19              b.    Termination of the security interest in Mr. Mullins house;

20              c.    Return or any money or property given by Mr. Mullins, to

21   anyone, including Defendants, in connection with this transaction;

22              d.    Statutory damages of $2000 for Defendants 'failure to respond

23   properly to Mr. Mullins rescission notice;

24              e.    Forfeiture of return of the loan proceeds; and

25              f.    Reasonable attorney's fees and costs.

26          **PRAYER FOR RELIEF:**

27   **WHEREFORE**, Plaintiff requests that the Court:

28          1.    Declare the security interest in Mr. Mullins home void;

2.    Rescind the Deed of Trust and any and all mortgage documents dated December 4, 2004 and any and all agreements or contracts that made up the fraudulent transaction at issue;

3.    Order the Defendants to take all action necessary to terminate any security interest in Mr. Mullins property created under the transaction and that the Court declare all such security interest void:

4.    For restitution of all money and things received by the Defendants from Plaintiff;

5.    Enjoin Defendants during the pendency of this action, and permanently thereafter, form instituting, prosecuting or maintaining foreclosure proceedings on Mr. Mullins property, from recording any deeds or mortgages regarding the property or taking any steps to deprive Mr. Mullins of the ownership of that property;

6.    Award Mr. Mullins statutory damages for Defendants failure to respond properly to Mr. Mullins notice of rescission, in an amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2000 as provided for under 15 U.S.C. 1640(a);

7.    Order that because Defendants failed to respond to Mr. Mullins notice of rescission, that Mr. Mullins has no duty to tender, or in the alternative, if tender if required, determine the amount of tender obligations in light of all of Mr. Mullins claims, and order Defendants to accept tender in reasonable terms and over a reasonable period of time;

8.    Award actual damages in an amount to be determined at trial;

9.    For costs and reasonable attorneys' fees;

10.    For such other relief as the Court deems proper.

1

2

3    Dated: March 12, 2008

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

FAIR HOUSING LAW PROJECT

Annette D. Kirkham
Attorneys for Plaintiff
HOWARD MULLINS

COMPLAINT FOR DAMAGES
MULLINS v. METROCITIES MORTGAGE, ET AL, CASE NO.
C07-06021-JF

EXHIBIT A

FAIR HOUSING LAW PROJECT

*Proyecto Legal de Viviendas Justas*
*Law Foundation of Silicon Valley*
111 West St John Street, Suite 315
San Jose, California 95113
Telephone (408) 280-2455 • Fax (408) 293-0106 • TDD (408) 294-5667

September 27, 2007

No Red Tape Mortgage
15301 Ventura Boulevard, Suite D310
Sherman Oaks, CA 91403
Attn: Legal Department
**SENT VIA CERTIFIED MAIL WITH RETURN RECEIPT:**
**7007 0220 0004 7151 9340**

Re:   **Howard Mullins**
      **Loan # 9000181800**
      Rescission of Mortgage Loan Pursuant to Federal Truth in Lending Act

To Whom It May Concern:

This office represents Howard Mullins (hereinafter "Mr. Mullins") as it relates to a loan made by Metrocities Mortgage in December 2004. I understand that this loan was subsequently assigned to No Red Tape Mortgage Company. I further understand that EverHome Mortgage Company is the current servicer of Mr. Mullins loan. This loan is secured by Mr. Mullins's home located at 669 Cupples Court, in Santa Clara, California. Please be advised that for the reasons set forth below, Mr. Mullins hereby rescinds the above-referenced loan pursuant to the Federal Truth in Lending Act.[1]

On or about December 4, 2004, Mr. Mullins signed the above-referenced loan documents. After signing these loan documents, Mr. Mullins was given copies of the documents. Included with the copies of the loan documents was: 1) one Notice of Right to Cancel and 2) a Federal Truth-in-Lending Disclosure Statement ("TIL disclosure"). These documents are defective for several reasons and provide Mr. Mullins with the right to rescind this loan.

On January 27, 2005, Mr. Mullins received a letter indicating that there was a clerical error on the TIL disclosure he received in December 2004 and that the "error" had been

---

[1]  Assignees are subject to the rescission right to the same extent as the original creditor. See 15 U.S.C § 1641(c)

Page 1 of 4

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose*

corrected for him. Mr. Mullins was advised that no action was required on his part and that the corrected disclosure was for his "reference" (Exhibit A).

However, there are numerous discrepancies between the initial TIL disclosure Mr. Mullins received prior to the loan closing and the second TIL disclosure mailed to Mr. Mullins approximately one month after his loan closed. As an initial matter the second TIL disclosure was never signed by Mr. Mullins. Furthermore, a list of the discrepancies found in the two TIL disclosures is found below:

- The annual percentage rate in the initial TIL disclosure is 1.046%, while in the second it is 4.650%;
- The finance charge in the initial TIL disclosure is $73,736.96 while the in the second disclosure it is $418,042.29; and
- The total amount of payments in the initial TIL disclosure is 360 payments at the amount of $1447.38. The amount of payments in the second TIL disclosure increase yearly.

Enclosed for your review, please find the initial TIL disclosure Mr. Mullins received in December 2004 (Exhibit B) and the second corrected TIL disclosure sent to Mr. Mullins in January 2005 after his loan had already closed (Exhibit C).

Since the two TIL disclosures contradict each other, Mr. Mullins was not given meaningful disclosure of the credit as required by the Truth in Lending Act. 15 U.S.C § 1601; *see also In re Cox*, 114 B.R. 165, 168 (Bankr. C.D. Ill. 1990) (meaningful disclosure cannot be one which is inaccurate). Moreover, contradictions between the TIL disclosures and other loan documents violate the "clear and conspicuous" requirement which gives rise to actual damages, statutory damages and attorney fees and rescission. *Rulis v. Bank of New York*, 230 B.R. 508 (Bankr. E.D. Pa 1999) (contradictions between the "material" terms in the TIL disclosure and the other loan documents regarding payment schedule, total no of payments and existence of balloon violated this standard). Finally, the disclosure of two different amounts within the federal box, each denominated as a finance charge has been found to be a violation of the Truth in Lending Act. *Villareal v. Snow*, 1996 WL 28398 (N.D. Ill. 1996).

Although No Red Tape Mortgage sent a letter to Mr. Mullins allegedly correcting a mistake on Mr. Mullins' TIL disclosure, this correction of error defense under TILA is limited to mathematical or clerical errors, and not informational errors. 15 U.S.C § 1604(b); *see also Pearson v. Easy Living, Inc.*, 534 F. Supp. 884 (S.D. Ohio 1981). The "correction" sent by No Red Tape Mortgage was not simply a mathematical or clerical error. The "correction" contained numerous discrepancies including discrepancies in the total payments, finance charges, and the annual percentage rate. Therefore, the correction

of error defense under TILA does not apply to this loan. Further, a correction of a mistake is no defense to rescission. 15 U.S.C § 1604(b).

Moreover, TILA (15 U.S.C. § 1635), as implemented under Regulation Z, requires that each borrower receive two (2) copies of a properly filled out Notice of Right to Cancel. The documents received by the borrower must indicate the date of the transaction, the date of expiration of the right to cancel, and must be signed. Mr. Mullins should have received a total two (2) correctly filled out copies of the Notice of Right to Cancel. However, he received only one defective copy. The Notice of Right to Cancel was unsigned by Mr. Mullins, and the date of the transaction and the expiration of the right to cancel section were left blank. *See Semar v. Platte Valley Fed. Sav & Loan Ass'n.*, 791 F. 2d 699 (9ᵗʰ Cir. 1986). Enclosed for your review, please find a copy of the Notice of Right to Cancel received by Mr. Mullins (Exhibit D).

Accordingly, Mr. Mullins hereby informs you that he is rescinding his loan due to Metrocities Mortgage dba No Red Tape Mortgage's failure to provide him with meaningful disclosure under the Truth-in-Lending Act and Metrocities Mortgage dba No red Tape Mortgage's failure to provide him with two copies properly filled out of his Notice of Right to Cancel, as required under 15 U.S.C. § 1635. and Reg. Z.

As a result of this rescission notice *Metrocities Mortgage dba No Red Tape MortgageCompany has twenty (20) days from its receipt of this notice* to return to Mr. Mullins all monies paid in connection with the terms of the mortgage loans which are the subject of this letter. Mr. Mullins hereby requests an itemization of such monies. Failure to return to Mr. Mullins all monies due may further subject MetroCities Mortgage dba No Red Tape Mortgage to additional actual and statutory damages. Additionally, please note that TILA gives borrowers the right to recover attorney fees and costs due to a lender's failure to comply with the statute.

Please contact me at (408) 280-2410 at your earliest convenience to discuss this matter. I appreciate your prompt attention to this matter.

Sincerely,

Annette Kirkham
Senior Attorney

Enclosures

cc.    Howard Mullins

bcc:   EverHome Mortgage Company

EXHIBIT B



October 19, 2007

Fair Housing Law Project
Law Foundation of Silicon Valley
111 West St. John Street, Suite 315
San Jose, CA 95113

Attention: Annette Kirkham

RE:    EverHome Mortgage Company Loan Number 9900181800
       Howard Mullins

Dear Ms. Kirkham:

Thank you for your recent inquiry regarding the above referenced loan.

Although EverHome Mortgage Company ("EverHome"), shares your concerns regarding improper lending and servicing activities in the residential real estate community, after review of the history and documentation submitted with your inquiry, we found that no fraudulent activity has occurred from the origination of Mr. Mullins' loan.

As stated in your correspondence, the original Truth in Lending Statement, "TIL" dated December 3, 2004, reflecting an interest rate of 1.040 percent, was agreed upon and signed at closing by Howard Mullins. The TIL reflects 360 payments at $1,447.38; however, the Variable Rate Feature is checked, which explains that the annual percentage rate may increase during the term of the loan if the index used to set the Note Interest Rate increases. It also explains that a new index may be substituted under certain circumstances and substitution of the new index may also increase the rate. Due to future rates being unknown, only the payment amount at the time of closing, based on the disclosed interest rate, could be listed.

The payment of $1,447.38 was correctly computed by calculating the original principal balance of $450,000.00 by the interest rate of 1.040 percent. Over the course of 360 months, if the payment remained at $1,447.38, the finance charge would be $73,736.96.

We are unable to determine why a second TIL was mailed to Mr. Mullins on January 27, 2005; however, the second TIL also reflects the payment as $1,447.38. If the payment was calculated at the interest rate listed on the second TIL of 4.650 percent, the payment would have been $2,317.41. The second TIL reflects the finance charge as $418,042.29, which would be correct if the interest rate was 4.650 percent; however, the second TIL was not agreed upon or signed by Mr. Mullins and therefore is not valid.



October 19, 2007

Fair Housing Law Project
Law Foundation of Silicon Valley
111 West St. John Street, Suite 315
San Jose, CA 95113

Attention: Annette Kirkham

RE:    EverHome Mortgage Company Loan Number 9000181800
       Howard Mulfins

Page 2

The loan originated with an interest rate of 1.040 percent and the interest rate has increased based upon the terms listed in the Note, which we enclosed for your review. The loan or interest rate was not altered by the second TIL statement. We attempted to contact Lisa Woltz, Investor Quality Assurance Specialist with No Red Tape Mortgage, to inquire as to the second TIL statement; however, the telephone number provided in her letter is no longer in service.

We respectfully deny your request to refund Mr. Mulfins for the mortgage payments remitted thus far or his request to rescind the loan.

Should you have any questions, please contact me toll free at (888) 632-9320, Monday through Friday, 8:00AM to 5:00PM, ET.

Sincerely,

*Tiah Thompson*

Tiah Thompson
Coordinator
Specialized Customer Service

Enclosure

EXHIBIT C

FAIR HOUSING LAW PROJE.

*Programa Legal de Viviendas Justas*
**Law Foundation of Silicon Valley**
111 West St. John Street, Suite 315
San Jose, California 95113
Telephone (408) 280-2435  •  Fax (408) 293-0106  •  TDD (408) 294-5667

November 13, 2007

EMC Mortgage Corporation
800 State Highway 121 Bypass
Lewisville, TX 75067-4180
Attn: Customer Service Department
**SENT VIA CERTIFIED MAIL WITH RETURN RECEIPT:**
**7007 0220 0004 3151 7599**

Re:    **Howard Mullins**
       **Loan # 9000181800**
       <u>**Rescission of Mortgage Loan Pursuant to Federal Truth in Lending Act**</u>

To Whom It May Concern:

This office represents Howard Mullins (hereinafter "Mr. Mullins") as it relates to a loan made by Metrocities Mortgage in December 2004. I understand that this loan has been subsequently assigned to EMC Mortgage Corporation from Everhome Mortgage Company. This loan is secured by Mr. Mullins's home located at 669 Cripes Court, in Santa Clara, California. Please be advised that for the reasons set forth below, Mr. Mullins hereby rescinds the above-referenced loan pursuant to the Federal Truth in Lending Act.[1]

On or about December 4, 2004, Mr. Mullins signed the above-referenced loan documents. After signing these loan documents, Mr. Mullins was given copies of the documents. Included with the copies of the loan documents was: 1) one Notice of Right to Cancel and 2) a Federal Truth in Lending Disclosure Statement ("TIL disclosure"). These documents are defective for several reasons and provide Mr. Mullins with the right to rescind this loan.

On January 27, 2005, Mr. Mullins received a letter indicating that there was a clerical error on the TIL disclosure he received in December 2004 and that the "error" had been

---

[1] Assignees are subject to the rescission right to the same extent as the original creditor. See 15 U.S.C. § 1641(c).

Page 1 of 4

*A San Jose Fair Housing Consortium collaboration with Project Sentinel and Asian Law Alliance funded through a CDBG grant from the City of San Jose*

corrected for him. Mr. Mullins was advised that no action was required on his part and that the corrected disclosure was for his "reference" (Exhibit A).

However, there are numerous discrepancies between the initial TIL disclosure Mr. Mullins received prior to the loan closing and the second TIL disclosure mailed to Mr. Mullins approximately one month after his loan closed. As an initial matter the second TIL disclosure was never signed by Mr. Mullins. Furthermore, a list of the discrepancies found in the two TIL disclosures is found below:

- The annual percentage rate in the initial TIL disclosure is 1.046%, while in the second it is 4.650%;
- The finance charge in the initial TIL disclosure is $73,736.96 while the in the second disclosure it is $418,042.29; and
- The total amount of payments in the initial TIL disclosure is 360 payments at the amount of $1447.38. The amount of payments in the second TIL disclosure increase yearly.

Enclosed for your review, please find the initial TIL disclosure Mr. Mullins received in December 2004 (Exhibit B) and the second corrected TIL disclosure sent to Mr. Mullins in January 2005 after his loan had already closed (Exhibit C).

Since the two TIL disclosures contradict each other, Mr. Mullins was not given meaningful disclosure of the credit as required by the Truth in Lending Act. 15 U.S.C § 1601; *see also In re Cox*, 114 B.R. 165, 168 (Bankr. C.D. Ill. 1990) (meaningful disclosure cannot be one which is inaccurate). Moreover, contradictions between the TIL disclosures and other loan documents violate the "clear and conspicuous" requirement which gives rise to actual damages, statutory damages and attorney fees and rescission. *Ralls v. Bank of New York*, 230 B.R. 508 (Bankr. E.D. Pa 1999) (contradictions between the "material" terms in the TIL disclosure and the other loan documents regarding payment schedule, total no of payments and existence of balloon violated this standard). Finally, the disclosure of two different amounts within the federal box, each denominated as a finance charge has been found to be a violation of the Truth in Lending Act. *Villareal v. Snow*, 1996 WL 28308 (N.D. Ill. 1996).

Although No Red Tape Mortgage sent a letter to Mr. Mullins allegedly correcting a mistake on Mr. Mullins' TIL disclosure, this correction of error defense under TILA is limited to mathematical or clerical errors, and not informational errors. 15 U.S.C § 1694(b); *see also Pearson v. Easy Living, Inc.*, 534 F. Supp. 884 (S.D. Ohio 1981). The "correction" sent by No Red Tape Mortgage was not simply a mathematical or clerical error. The "correction" contained numerous discrepancies including discrepancies in the total payments, finance charges, and the annual percentage rate. Therefore, the correction

of error defense under TILA does not apply to this loan. Further, a correction of a mistake is no defense to rescission. 15 U.S.C § 1604(b).

Moreover, TILA (15 U.S.C. § 1635), as implemented under Regulation Z, requires that each borrower receive two (2) copies of a properly filled out Notice of Right to Cancel. The documents received by the borrower must indicate the date of the transaction, the date of expiration of the right to cancel, and must be signed. Mr. Mullins should have received a total two (2) correctly filled out copies of the Notice of Right to Cancel. However, he received only one defective copy. The Notice of Right to Cancel was unsigned by Mr. Mullins, and the date of the transaction and the expiration of the right to cancel section were left blank. *See Semar v. Platte Valley Fed. Sav & Loan Ass'n.*, 791 F. 2d 699 (9th Cir. 1986). Enclosed for your review, please find a copy of the Notice of Right to Cancel received by Mr. Mullins (Exhibit D).

Accordingly, Mr. Mullins hereby informs you that he is rescinding his loan due to Metrocities Mortgage dba No Red Tape Mortgage's failure to provide him with meaningful disclosure under the Truth-in-Lending Act and Metrocities Mortgage dba No red Tape Mortgage's failure to provide him with two copies, properly filled out, of his Notice of Right to Cancel, as required under 15 U.S.C. § 1635, and Reg. Z.

As a result of this rescission notice *EMC Mortgage Corporation has twenty (20) days from its receipt of this notice* to return to Mr. Mullins all monies paid in connection with the terms of the mortgage loans which are the subject of this letter. Mr. Mullins hereby requests an itemization of such monies. Failure to return to Mr. Mullins all monies due may further subject EMC Mortgage Corporation to additional actual and statutory damages. Additionally, please note that TILA gives borrowers the right to recover attorney fees and costs due to a lender's failure to comply with the statute.

Please contact me at (408) 280-2410 at your earliest convenience to discuss this matter. I appreciate your prompt attention to this matter.

Sincerely,

Annette Kirkham
Senior Attorney

Enclosures

cc:    Howard Mullins