JOHN B. SULLIVAN (State Bar No. 96742)
REGINA J. McCLENDON (State Bar No. 184669)
rjm@severson.com
HAROLD R. JONES (State Bar No. 209266)
hrj@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
EMC MORTGAGE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOWARD MULLINS,<br><br>    Plaintiff,<br><br>vs.<br><br>METROCITIES MORTGAGE dba NO RED TAPE MORTGAGE, a California Corporation, EVERHOME MORTGAGE COMPANY, a Florida Corporation and EMC MORTGAGE CORPORATION, a Texas Corporation,<br><br>    Defendants. | Case No.: C07 06021 JF<br><br>**EMC MORTGAGE CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: 11/28/07<br>Trial Date: None Set |

Defendant EMC Mortgage Corporation ("EMC") hereby answers Plaintiff's First Amended Complaint ("FAC") as follows:

**PRELIMINARY STATEMENT**

EMC admits that Plaintiff's FAC is filed under the Truth in Lending Act, 15 U.S.C. § 1601, and that Plaintiff seeks to void EMC's security interest in the subject property. EMC admits that Plaintiff seeks to recover statutory damages, and attorneys' fees and costs. EMC denies the remaining allegations in Plaintiff's Preliminary Statement.

## THE PARTIES

1. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 1, and on that ground, denies them.

2. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 2, and on that ground, denies them.

3. EMC admits that it is a corporation and that it conducts business in the State of California and the County of Santa Clara. EMC admits that its business activity includes mortgage servicing. EMC denies the remaining allegations in paragraph 3.

4. EMC admits it accepted assignment of an adjustable rate note executed by Plaintiff and secured by the property located at 669 Cupples Court, Santa Clara, California. EMC admits that it services that loan. EMC denies the remaining allegations in paragraph 4.

5. EMC denies the allegations in paragraph 5 as they pertain to it. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 5 as to other defendants, and on that ground, denies them.

## JURISDICTION

6. EMC admits this Court has subject matter jurisdiction over the claim alleged in the FAC.

## VENUE

7. EMC admits that this Court is the proper venue for adjudication of Plaintiff's claim.

## STATEMENT OF FACTS

8. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 8, and on that ground, denies them.

9. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 9, and on that ground, denies them.

10. EMC admits that the adjustable rate note executed by Plaintiff is secured by the real property located at 669 Cupples Court, Santa Clara, California.

11. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 11, and on that ground, denies them.

12. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 12, and on that ground, denies them.

13. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 13, and on that ground, denies them.

14. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 14, and on that ground, denies them.

15. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 15, and on that ground, denies them.

16. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 16, and on that ground, denies them.

17. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 17, and on that ground, denies them.

18. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 18, and on that ground, denies them.

19. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 19, and on that ground, denies them.

20. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 20, and on that ground, denies them.

21. EMC admits that Exhibit C to the FAC is a copy of a letter from plaintiff's counsel to EMC. EMC denies that plaintiff has rescinded the loan or that rescission of the loan is an available remedy. EMC lacks information and belief sufficient to admit or deny the remaining allegations in paragraph 21, and on that ground, denies them.

22. There is no paragraph 22 in the FAC.

**FIRST CAUSE OF ACTION**

(Violations of the Federal Truth In Lending Act, 15 U.S.C. § 1635-against all Defendants)

23. EMC realleges and incorporates by reference the allegations of paragraphs 1 through 21 as though fully set forth herein.

24. EMC denies the allegations in paragraph 24.

- 3 -

25. EMC denies the allegations in paragraph 25.

26. EMC denies the allegations in paragraph 26.

27. EMC admits that the adjustable rate note executed by Plaintiff is secured by the real property located at 669 Cupples Court, Santa Clara, California. EMC denies the remaining allegations in paragraph 27.

28. EMC denies the allegations in paragraph 28.

29. EMC denies that it failed to make any disclosures required by TILA or Regulation Z. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 29, and on that ground, denies them.

30. EMC denies the allegations in paragraph 30.

31. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 31, and on that ground, denies them.

32. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 32, and on that ground, denies them.

33. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 33, and on that ground, denies them.

34. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 34, and on that ground, denies them.

35. EMC lacks information and belief sufficient to admit or deny the allegations in paragraph 35, and on that ground, denies them.

36. EMC admits the adjustable rate note Plaintiff executed is still secured by the real property located at 669 Cupples Court, Santa Clara, California. EMC lacks information and belief sufficient to admit or deny the remaining allegations in paragraph 36, and on that ground, denies them.

37. EMC admits it has not paid any money to Plaintiff. EMC denies that it was required to do so.

38. EMC denies the allegations in paragraph 38.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the FAC and to each claim contained therein, EMC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint, and each and every claim therein, fails to state facts sufficient to constitute a claim against EMC.

### SECOND AFFIRMATIVE DEFENSE

**(Laches)**

2. EMC alleges that the FAC, and each alleged claim therein, is barred in whole or in part because Plaintiff is guilty of laches and unreasonable delay in bringing this action and in otherwise pursuing the claim alleged.

### THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

3. EMC alleges that the FAC, and each alleged claim therein, is barred in whole or in part because Plaintiff, by virtue of having been the sole or major contributing factor to the alleged losses of which Plaintiff now complains based upon his own fault or misconduct, is guilty of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

**(Estoppel/Waiver)**

4. EMC alleges that the FAC, and each alleged cause of action therein, is barred by the doctrines of estoppel and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

**(Good Faith)**

5. EMC is not liable under TILA for any act or acts that were done or omitted in good faith in conformity with a Federal Reserve Board rule, regulation, or interpretation, or with an interpretation or approval by an authorized Federal Reserve Board official or employee.

### SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

6. EMC is not liable under TILA because any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SEVENTH AFFIRMATIVE DEFENSE

### (Correction of Error)

7. EMC is not liable under TILA because any error was corrected within sixty days after discovering such error.

### EIGHTH AFFIRMATIVE DEFENSE

### (Subsequent Occurrence)

8. EMC is not liable under TILA because any properly disclosed information became inaccurate because of actions subsequent to the delivery of the disclosures.

### NINTH AFFIRMATIVE DEFENSE

### (Tolerance Levels)

9. EMC is not liable under TILA because any such violation falls within the applicable tolerances provided under the TILA statute.

### TENTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

10. Plaintiff consented to all of EMC' acts or omissions which gave rise to the occurrences alleged in the FAC, and subsequently ratified that conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

11. Plaintiff's claim is barred in light of the fact that plaintiff has an adequate legal remedy for the wrongs alleged.

### TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12. Recovery for any injuries or damages to the plaintiff is barred by the applicable

statute of limitations, including, but not limited to, 15 U.S.C. §1640(e).

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

13. Plaintiff's claim is barred in whole or part because of Plaintiff's failure mitigate to his damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Liability of Assignees)

14. Plaintiff's claim is barred in whole or in part because the alleged violation(s) for which this action is brought are not apparent from the face of the disclosure statement(s) EMC received.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

15. Plaintiff's claim is barred, in whole or in part, by the doctrine of accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Statutes)

16. EMC is not liable to Plaintiff or to any other person by reason of its compliance with applicable statutes, laws and regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defenses)

17. The Complaint does not describe the claims against EMC with sufficient particularity and certainty to enable EMC to determine what defenses may exist. EMC reserves the right to assert all defenses that may be pertinent to or arise from Plaintiff's claim against it when the precise nature of the claim has been ascertained.

///

///

///

///

- 7 -

11474/0097/664490.1

Case No.: C07 06021 JF

## PRAYER

WHEREFORE, EMC prays as follows:

1. That Plaintiff take nothing by reason of his First Amended Complaint;
2. That the Court award EMC its costs of suit, reasonable attorneys' fees; and
3. For such other and further relief as the Court deems just.

DATED: April 7, 2008

SEVERSON & WERSON
A Professional Corporation


By: _____/s/ Harold R. Jones_____
            Harold R. Jones

Attorneys for Defendant
EMC MORTGAGE CORPORATION