ANNETTE D. KIRKHAM (STATE BAR NO. 217958)
annettek@lawfoundation.org
FAIR HOUSING LAW PROJECT
111 West Saint John Street, #315
San Jose, CA 95113
Telephone:  (408) 280-2410
Facsimile:  (408) 293-0106

Attorneys for Plaintiff
HOWARD MULLINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOWARD MULLINS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>METROCITIES MORTGAGE dba NO RED TAPE MORTGAGE, a California Corporation and EMC MORTGAGE CORPORATION, a Texas Corporation,<br><br>　　　　　Defendants. | Case No. C07-06021 JF<br><br>Honorable Jeremy Fogel<br>United States District Court Judge<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>**RULE 26(F); CIVIL L.R. 16-9** |

　　　Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9 and this Court's Standing Order plaintiff Howard Mullins ("Mr. Mullins") and defendant EMC Mortgage Corporation ("EMC") hereby submit the following Case Management Statement.

# JOINT CASE MANAGEMENT STATEMENT

## A. Jurisdiction And Service

This Court has subject matter jurisdiction as Mr. Mullins has asserted violations of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. None of the parties contest the Court's jurisdiction. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendants committed each of the acts alleged herein within this judicial district. All of the parties agree that there is no dispute with respect to the propriety of service of process, personal jurisdiction, subject matter jurisdiction, or venue.

## B. Plaintiff's Brief Factual Description Of The Events Underlying The Action

Mr. Mullins is a seventy-five year-old man and resides in a single family residence at 669 Cupples Court, in Santa Clara California. Mr. Mullins purchased his home in 1964 and has resided in his home for the past 43 years. On or about December 4, 2004, Mr. Mullins entered into a refinance loan transaction with Defendant Metrocities. Mr. Mullins was not given the proper Notice of Right to Cancel the transaction and he was provided with two contradictory Truth in Lending Disclosures.

On September 27, 2007, Mr. Mullins notified defendant Metrocities and the subservicer, Everhome Mortgage Company that he was exercising his right to rescind his mortgage loan on the basis that defendants failed to provide him with proper notices of his right to cancel the loan and that he did not receive proper disclosures under the Truth in Lending Act.

On October 12, 2007, Mr. Mullins was notified that Everhome had reassigned his mortgage loan to defendant EMC. On November 13, 2007, Mr. Mullins notified defendant EMC that he was exercising his right to rescind his mortgage loan on the basis that defendants failed to provide him with proper notices of his right to cancel the loan and that he did not receive proper disclosures under the Truth in Lending Act. Defendants have denied Mr. Mullins the right to rescind his refinance loan.

## C. Defendant EMC's Brief Statement of Facts

EMC did not originate Mr. Mullins' loan, but rather began servicing it in November 2007.

EMC denies that Mr. Mullins was not provided with the proper disclosures at the time the loan was originated and denies any liability for the alleged actions of the other defendants.

### D. Principal Factual Issues Which The Parties Dispute

- Whether Defendants provided Mr. Mullins with a proper Notice of Right to Cancel the transaction pursuant to the Federal Truth in Lending Act.
- Whether Defendants failed to make required disclosures of terms that must be disclosed pursuant the statutory requirements for home mortgages set forth in the Federal Truth in Lending Act.

### E. Principal Legal Issues Which The Parties Dispute:

- Whether Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to Mr. Mullins two copies of a notice of the right to cancel which: clearly and conspicuously disclosed the date of the transaction; and clearly and conspicuously disclosed the date the rescission period expired.
- The Defendants failed to disclose *any* of the information required by the TILA and Regulation Z through furnishing two TIL disclosures with contradictory terms, neither of which reflected the true nature of the deal.

### F. Motions

No motions have been filed to date in this action. Mr. Mullins does not anticipate filing any motions at present. Defendant EMC may file a motion for summary judgment.

### G. Amendment of Pleadings

Mr. Mullins has amended his Complaint once in this action and does not anticipate any further amendment at present. The parties request that the deadline for the amending of pleadings be set one week following the close of fact discovery.

**H.    Evidence Preservation**

Following the filing of his Complaint, Mr. Mullins has taken reasonable steps to collect documents relevant to this action.

EMC has implemented a "litigation hold" that will preserve all documentation, electronic or otherwise, that may be relevant to the matters at issue in this lawsuit. The preserved documentation includes historical information regarding plaintiff's account, including correspondence and account statements, account notes, and the complete imaged loan file.

**I.    Disclosures**

The parties have agreed to exchange their initial disclosures under Rule 26(a)(1) on **April 30, 2008**. The parties do not contemplate any deviation from the requirements set forth in the Federal Rules in their Rule 26(a) disclosures.

**J.    Discovery To Date And Rule 26(f) Discovery Plan**

The parties have not engaged in any discovery to date. The parties submit the following Rule 26(f) discovery plan:

*Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.*

The subject matter on which discovery may be needed relate to Mr. Mullins claims of violation of the Federal Truth in Lending Act and Defendants' defenses thereto. The parties agree that there is no need to conduct discovery in phases and no need to alter discovery limitations.

*Rule 26(f)(3): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

The parties agree that there is no need to change the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for the purposes of discovery in this case.

*Rule 26(f)(4):* Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**K.   Class Actions**

This case is not a class action.

**L.   Related Cases**

There are no related cases to this action.

**M.   Settlement And ADR**

The parties have engaged in informal discussions regarding alternative dispute resolution. Mr. Mullins and EMC have submitted the ADR Stipulation and Proposed Order selecting Mediation.

**N.   Consent to Magistrate Judge For All Purposes**

EMC does not consent to a Magistrate Judge for all purposes.

**O.   Other References**

This case is not suitable for arbitration, special master or through multi-district litigation.

**P.   Narrowing of Issues**

The parties have not identified issues to be narrowed or ways to expedite trial at present.

**Q.   Expedited Schedule**

The parties do not believe that this case may be resolved in litigation on an expedited basis using streamlined procedures.

**R.   Scheduling**

The parties propose the following pretrial schedule:

| | |
|---|---|
| Completion of fact discovery: | September 2, 2008 |
| Disclosure of experts and reports: | September 23, 2008 |
| Deadline for service of rebuttal expert reports: | October 7, 2008 |
| Completion of expert discovery: | November 7, 2008 |
| Dispositive motion hearing deadline: | December 19, 2008 |
| Pretrial Conference | February 6, 2009 |
| Start of Trial | Shortly after the pre-trial conference. |

S. **Trial**

The parties do not request a jury trial. The parties anticipate that a trial will run 3-5 days.

T. **Disclosure of Non-party Interested Entities or Persons**

EMC certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding: The Bear Stearns Companies, Inc.

Dated: April 25, 2008                FAIR HOUSING LAW PROJECT

_____
Annette D. Kirkham

Dated: April 25, 2008                SEVERSON & WERSON

_____
Regina J. McClendon

S. <u>Trial</u>

The parties do not request a jury trial. The parties anticipate that a trial will run 3-5 days.

T. <u>Disclosure of Non-party Interested Entities or Persons</u>

EMC certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding: The Bear Stearns Companies, Inc.

Dated: April 25, 2008          FAIR HOUSING LAW PROJECT

                               _____
                               Annette D. Kirkham

Dated: April 25, 2008          SEVERSON & WERSON

                               _____
                               Regina J. McClendon