1  JOHN W. BEEBE, State Bar # 183500
   **PROUT• LEVANGIE**
2  2021 N Street
   Sacramento, CA 95811
3  Tel: (916) 443-4849
   Fax: (916) 443-4855
4
   Attorneys for defendant
5  MetroCities Mortgage, LLC,
   d/b/a No Red Tape Mortgage
6

ORIGINAL
FILED

08 JUL 11 PM 2: 26

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

7
8              UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA
10                 SAN JOSE DIVISION

11  HOWARD MULLINS,                    CASE NO. C07 06021 JF
12              Plaintiff,
                                       **ANSWER OF DEFENDANT**
13      v.                             **METROCITIES MORTGAGE TO FIRST**
                                       **AMENDED COMPLAINT**
14  METROCITIES MORTGAGE dba NO RED
    TAPE MORTGAGE, a California Corporation,
15  EVERHOME MORTGAGE COMPANY, a       **BY FAX**
    Florida Corporation and EMC MORTGAGE
16  CORPORATION, a Texas Corporation,

17              Defendants.

18      Defendant METROCITIES MORTGAGE, LLC, formerly doing business as "NO RED

19  TAPE MORTGAGE" ("MCM"), and named incorrectly herein as "a California Corporation,"

20  answers the First Amended Complaint of plaintiff HOWARD MULLINS ("plaintiff's

21  complaint"), as follows:

22                      **PRELIMINARY STATEMENT**

23      Defendant MCM acknowledges that plaintiff has filed his complaint herein under the

24  Truth in Lending Act, 15 U.S.C. § 1601, seeking to enforce what plaintiff believes is his right to

25  rescind a consumer credit transaction, to void the security interests claimed by defendants in

26  plaintiff's real property, and to recover statutory damages, reasonable attorney's fees and costs

27  for alleged violations of the Truth in Lending Act and Regulation Z, 12 C.F.R. § 226.  Defendant

28  MCM denies that plaintiff has any such rights of rescission in these circumstances, or any rights

1    to void any security interests asserted by defendants in plaintiff's real property. Defendant MCM

2    further denies that plaintiff has incurred in damages, is entitled to any fees and/or costs, and/or

3    that defendant MCM has violated the Truth In Lending Act, Regulation Z, or any other law,

4    statutory or otherwise.

5                              **THE PARTIES**

6          1.      Defendant MCM is without sufficient information to admit or deny the allegations

7    of paragraph 1 of plaintiff's complaint, and on that basis denies them.

8          2.      Defendant MCM denies that it is a California corporation doing business under

9    the fictitious business name "No Red Tape Mortgage." Defendant MCM is a California limited

10    liability company, which formerly did business, in part, under the fictitious business name "No

11    Red Tape Mortgage," with its principal place of business at 15301 Ventura Blvd., Suite D300,

12    Sherman Oaks, California. Defendant MCM further admits that it conducts business as mortgage

13    lender, but denies that it conducts business as a "creditor," as that term is not defined in

14    plaintiff's complaint.

15          3.      Defendant MCM is without sufficient information to admit or deny the

16    allegations of paragraph 3 of plaintiff's complaint, and on that basis denies them.

17          4.      Defendant MCM is without sufficient information to admit or deny the allegations

18    of paragraph 4 of plaintiff's complaint, and on that basis denies them.

19          5.      As to itself, defendant MCM admits the allegations of paragraph 5 of plaintiff's

20    complaint. Defendant MCM is without sufficient information to admit or deny the allegations of

21    paragraph 1 of plaintiff's complaint as to any other defendant, and on that basis denies them.

22                              **JURISDICTION**

23          6.      Defendant MCM admits that this Court has subject matter jurisdiction over the

24    claims raised in plaintiff's complaint.

25                                 **VENUE**

26          7.      Defendant MCM admits that this Court is the proper venue for the adjudication of

27    the claims raised in plaintiff's complaint.

28    ///

ANSWER OF DEFENDANT METROCITIES MORTGAGE TO FIRST AMENDED COMPLAINT

I:\client\Mullins\Pleading\Answer.doc

## STATEMENT OF FACTS

8.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 8 of plaintiff's complaint, and on that basis denies them.

9.    Defendant MCM admits the allegations of paragraph 9 of plaintiff's complaint.

10.    Defendant MCM admits the allegations of paragraph 10 of plaintiff's complaint.

11.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 11 of plaintiff's complaint, in that defendant MCM has not seen the letter which plaintiff alleges to have received, and on that basis denies them.

12.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 12 of plaintiff's complaint, in that defendant MCM has not seen the letter which plaintiff alleges to have received, and on that basis denies them.

13.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 13 of plaintiff's complaint, in that defendant MCM has not seen the TIL disclosures which plaintiff alleges to have received, and on that basis denies them.

14.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 13 of plaintiff's complaint, in that defendant MCM has not seen the TIL disclosures which plaintiff alleges to have received, and on that basis denies them.

15.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 15 of plaintiff's complaint, and on that basis denies them.

16.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 16 of plaintiff's complaint, and on that basis denies them.

17.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 17 of plaintiff's complaint, and on that basis denies them.

18.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 18 of plaintiff's complaint, and on that basis denies them.

19.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 19 of plaintiff's complaint, and on that basis denies them.

ANSWER OF DEFENDANT METROCITIES MORTGAGE TO FIRST AMENDED COMPLAINT
I:\client\Mullins\Pleading\Answer.doc

20.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 20 of plaintiff's complaint, and on that basis denies them.

21.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 21 of plaintiff's complaint, and on that basis denies them.

22.    (The complaint contains no paragraph no. 22).

23.    In response to paragraph 23, defendant MCM incorporates herein its responses above to plaintiff's allegations.

24.    Defendant MCM denies the allegations of paragraph 24 of plaintiff's complaint.

25.    Defendant MCM denies the allegations of paragraph 25 of plaintiff's complaint.

26.    Defendant MCM admits the allegations of paragraph 26 of plaintiff's complaint as to itself.  As to other defendants, defendant MCM is without sufficient information to either admit or deny the allegations of paragraph 24, and on that basis denies them.

27.    Defendant MCM admits the allegations of paragraph 27 of plaintiff's complaint as to itself.  As to other defendants, defendant MCM is without sufficient information to either admit or deny the allegations of paragraph 24, and on that basis denies them.

28.    Defendant MCM denies the allegations of paragraph 28 of plaintiff's complaint.

29.    Defendant MCM denies the allegations of paragraph 29 of plaintiff's complaint.

30.    Defendant MCM denies the allegations of paragraph 30 of plaintiff's complaint.

31.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 31 of plaintiff's complaint, and on that basis denies them.

32.    Defendant MCM denies the allegations of paragraph 32 of plaintiff's complaint.

33.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 33 of plaintiff's complaint, and on that basis denies them.

34.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 34 of plaintiff's complaint, and on that basis denies them.

35.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 35 of plaintiff's complaint, and on that basis denies them.

F:\client\Mullins\Pleading\Answer.doc

36.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 36 of plaintiff's complaint, and on that basis denies them.

37.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 37 of plaintiff's complaint, and on that basis denies them.

38.    Defendant MCM is without sufficient information to admit or deny the allegations of paragraph 38 of plaintiff's complaint, and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (General Denial)

1.    This answering defendant denies that the injuries or damages complained of by plaintiff, if any exist, were due to or caused by any act or failure to act on the part of this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Demurrer/Failure to State Facts)

2.    Plaintiff's complaint fails to state facts sufficient to constitute any cause of action against this answering defendant.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

3.    The causes of action set forth in plaintiff's complaint, and each of them, are barred by the provisions of the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

#### (Contributory Negligence)

4.    Plaintiff, and/or plaintiff's agents or representatives, were contributorily negligent, and such contributory negligence was a proximate or legal cause of plaintiff's alleged damages, if any such damages exist, which are therefore diminished in proportion to the plaintiff's fault as compared with any fault of defendant herein.

///

///

ANSWER OF DEFENDANT METROCITIES MORTGAGE TO FIRST AMENDED COMPLAINT
I:\client\Mullins\Pleading\Answer.doc

## FIFTH AFFIRMATIVE DEFENSE

### (Other Defendant(s) Liable)

5.    The injuries and damages, if any, complained of by plaintiff were entirely or in part proximately caused by persons or entities other than this answering defendant, and any and all liability therefore rests wholly and completely with said other persons or entities.

## SIXTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

6.    Plaintiff's complaint is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Doctrines of Waiver and Estoppel)

7.    Plaintiff's complaint is barred by the doctrines of waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

8.    Plaintiff's complaint is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.    Plaintiff's complaint is barred and plaintiff is estopped from claiming damages of any kind or nature, or in any amount from this answering defendant for the damages alleged in plaintiff's complaint, if any there were, or for any other damages, by reason of the fact, at all pertinent times, plaintiff failed, refused, and otherwise neglected to take the necessary steps to mitigate such alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Indemnification)

10.    Should plaintiff recover any damages against this answering defendant, this answering defendant is entitled to indemnification either in whole or in part from any and all persons or entities whose negligence or fault proximately contributed to plaintiff's damages, if any there are.

ANSWER OF DEFENDANT METROCITIES MORTGAGE TO FIRST AMENDED COMPLAINT

I:\client\Mullins\Pleading\Answer.doc

## ELEVENTH AFFIRMATIVE DEFENSE

### (Joint or Several Obligations)

11.     In the event that this answering defendant is found liable (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages in this case shall be apportioned and/or reduced, as the case may be, in accordance with applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

12.     The actions of this answering defendant in the acts, events, communications, and representations alleged in plaintiff's complaint were all undertaken in good faith, in accordance with all applicable laws, rules and regulations, and consistent with prudent, good faith practices.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excusable Error/No Intent to Harm)

13.     This answering defendant bears no liability to plaintiff because any errors/mistakes made by this answering defendant, which errors/mistakes are expressly denied, was/were the result of bona fide, excusable error, with no intent to cause any harm or damage to plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Errors Corrected)

14.     This answering defendant bears no liability to plaintiff because any errors/mistakes made by this answering defendant, which errors/mistakes are expressly denied, were timely corrected, as expressly provided for in the contracts/agreements between plaintiff and defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

15.     Plaintiff's complaint is barred on the ground that the conduct of this answering defendant was not a substantial factor in bringing about the injuries and/or damages complained of.

///

ANSWER OF DEFENDANT METROCITIES MORTGAGE TO FIRST AMENDED COMPLAINT

I:\client\Mullins\Pleading\Answer.doc

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Ordinary and Prudent Care Exercised)

16.    This answering defendant acted at all times as might be reasonably expected of persons or entities of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Subsequent Acts/Occurrences)

17.    This answering defendant bears no liability to plaintiff because any information disclosed or exchanged at the time of the subject transaction became incorrect and/or inaccurate subsequent to the transaction by/through no fault of this answering defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

18.    This answering defendant bears no liability to plaintiff because this answering defendant complied fully with the provisions of all laws prescribing the standard of care required of this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Conduct Within Tolerance Levels)

19.    This answering defendant bears no liability to plaintiff because this answering defendant's conduct was within the applicable and acceptable tolerance levels for transactions subject to the Truth in Lending Act.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

20.    Plaintiff has failed to exhaust all administrative remedies.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Comply with Notice Requirements)

21.    Plaintiff has failed to provide proper and/or timely notice of intent to pursue any claim against this answering defendant, as required by law.

///

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent/Ratification)

22.     This answering defendant bears no liability to plaintiff because plaintiff consented to all acts/conduct of this answering defendant, both expressly and implicitly, and ratified all acts/conduct of this answering defendant, both expressly and implicitly.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

23.     Plaintiff's claims are barred as adequate remedies at law are available to plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

24.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Estoppel by Contract)

25.     Plaintiff's claims are barred by plaintiff's failure to bring his claims in conformance with the terms and provisions of the written agreements between plaintiff and defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

26.     The harm alleged by plaintiff, if any there be, has resulted in no colorable or recognizable damages to plaintiff, legal, equitable or otherwise.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Other Defenses Reserved)

27.     This answering defendant reserves the right to allege other affirmative defenses as they become known through the course of discovery.

WHEREFORE, this answering defendant prays for judgment as follows:

1.     That plaintiff take nothing by way of his complaint against this answering defendant;

///

ANSWER OF DEFENDANT METROCITIES MORTGAGE TO FIRST AMENDED COMPLAINT
I:\client\Mullins\Pleading\Answer.doc

1        2.     That this answering defendant be awarded all costs of suit incurred in the defense

2  of this action, including attorneys' fees; and

3       3.  For such other and further relief as this Court shall deem just and proper.

4  DATED:  July 11, 2008.           **PROUT· LEVANGIE**

5

6                                   By:

7                                   John W. Beebe, Attorneys for defendant

8                                   Metrocities Mortgage, LLC, formerly doing
                                    business as No Red Tape Mortgage

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT METROCITIES MORTGAGE TO FIRST AMENDED COMPLAINT

I:\client\Mullins\Pleading\Answer.doc